STATE OF CONNECTICUT *v.* JOHN A. DE POLI

CIRCUIT COURT                                     FIRST CIRCUIT
                        FILE NOS. CR 1-23040, CR 1-23506

Memorandum filed July 2, 1968

*Arnold Markle,* chief prosecuting attorney, for the state.

*Goldstein & Peck,* of Bridgeport, for the defendant.

DiCenzo, J. The defendant challenges the array of jurors in the first circuit on the following grounds: (1) The process utilized by the jury officials violates the General Statutes in that some or all of the jury officials select potential jurors (a) other than by lot; (b) by excluding married women with children without inquiry as to their desires; (c) by excluding trained nurses without inquiry as to their desires; (d) by excluding assistants in a hospital or attendant nurses without inquiry as to their desires. (2) The jury officials exceeded the discretion afforded them by law. (3) The process utilized by the jury officials did not ensure a jury trial in accordance with the dictates of the Connecticut and United States constitutions.

The state defends by asserting that (1) the defendant has failed to sustain the burden of proof; (2) the jury officials have a large discretion; and (3) inasmuch as this panel has completed its length of service the question has become moot.

On the basis of the testimony offered, about which there was no dispute, and the evidence which both parties agreed would be offered by other jury officials, also about which there was no dispute, the court finds the following facts. Some of the panelists on the current criminal jury list became such in response to an advertisement for volunteers. In preparing the annual list, the jury officials excluded teachers, town employees, policemen, insurance company employees, and people who the officials felt might have some difficulty, without ascertaining whether or not any of these groups desired to serve. The court further finds that the list was not selected by lot and that the drawing and summoning of the jury list in this instance were not in compliance with statutory and constitutional provisions. The array in the instant case was ordered to report on April

16, 1968, and came from a jury list which expires on September 1, 1968. The question is not moot. Any effort to retry this case before September 1, 1968, could result in another attack on this jury list.

The deficiencies in the preparation of the jury list can be avoided by an appropriate questionnaire which would result in a list in compliance with statutory and constitutional requirements.

For the reasons stated, the array and panel must be and is dismissed.